IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELAUKILA ESTABILIO,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>ESTELA DERR,<br><br>　　　　　　　Respondent. | CIV. NO. 23-00021 JAO-RT<br><br>ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS |

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS**

## I.　INTRODUCTION

Pro se Petitioner Kelaukila Estabilio submitted a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), which is signed and dated January 12, 2023.  ECF No. 1.  At the time she filed the Petition, Petitioner was incarcerated at the Federal Detention Center in Honolulu, Hawaiʻi ("FDC Honolulu"), serving a 54-month sentence for wire fraud.  *See* Judgment in a Criminal Case, *United States v. Estabilio*, No. 20-cr-00010-JMS (D. Haw. August 16, 2021) (ECF No. 53).  As the sole ground raised in her Petition, Petitioner asserts that Respondent Estela Derr, the Warden at FDC Honolulu, failed to apply

the First Step Act of 2018 ("FSA")[1] while carrying out her sentence. *See* ECF No. 1 at 1. Petitioner contends that her release date was supposed to be "November 2022," although she does not explain why. *Id*. She does not offer more specifics regarding the credits she is owed, other than seeking "an order directing the [Bureau of Prisons] to apply [her] FSA Earned Time Credits." *Id*. She "admit[s] that [she] did not exhaust [her] administrative remedies before seeking relief" but says that such failure to exhaust should be excused in light of what should have been her release date. *Id*.

In her Response, Respondent argues that the Petition should be dismissed as moot because, since the filing of the Petition, the Bureau of Prisons ("BOP") updated Petitioner's FSA credits, awarding her 345 days of FSA earned time credits, so "Petitioner has received the specific relief she requested in her petition." ECF No. 8 at 4. Notably, "[o]n March 3, 2023, Petitioner transferred to home confinement, where she will be supervised by the U.S. Probation Office under the

---

[1] The FSA, Pub. L. No. 115-391, 132 Stat. 5194, seeks to "provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs" by permitting prisoners to earn a designated number of days of "time credits" for every 30 days of successful participation in such programs, which can be applied toward either earlier movement into prerelease custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4); *see also* 28 C.F.R. § 523.40(b) ("[A]n eligible inmate . . . may earn FSA Time Credits to be applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g).").

2

Federal Location Monitoring . . . program until her release date on July 29, 2023." ECF No. 8-1 at 6, ¶ 9. Respondent also contends in a footnote that Petitioner failed to exhaust her administrative remedies. *Id*. at 4 n.1. Petitioner did not file a reply.

The Court finds that the Petition is not moot, but that Petitioner failed to exhaust her administrative remedies, and DISMISSES the Petition without leave to amend.[2]

## II.   DISCUSSION

"In a § 2241 petition, the petitioner has the 'burden to prove his custody is in violation of the Constitution, laws or treaties of the United States.'" *Cabebe v. Derr*, Civil No. 22-00496 SOM-KJM, 2023 WL 2713652 at *3 n.5 (March 30, 2023) (quoting *Snook v. Wood*, 89 F.3d 605, 609 (9th Cir. 1996)). Although the Court concludes that the Petition is not moot, Petitioner's failure to exhaust her administrative remedies means that she cannot meet her burden under § 2241.

### A.   Mootness

Article III of the Constitution limits the jurisdiction of the federal courts to "actual, ongoing" "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *see United States v. Strong*,

---

[2] Pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii, the Court finds this matter suitable for disposition without a hearing.

489 F.3d 1055, 1059 (9th Cir. 2007). It therefore requires a case to amount to "a live controversy" before it can be heard in federal court. *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 590 F.3d 725, 727 (9th Cir. 2009). The question of whether a case is "live" turns on whether the court can grant effective relief should it address the case's merits. *Id*. "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citation and internal quotation marks omitted).

Respondent argues that the Petition is moot because "Petitioner has received the specific relief that she requested in her Petition." ECF No. 8 at 4. But that overstates the similarity between what Petitioner has already obtained and what she wants. Petitioner says she should have been released in November 2022, but she has not yet been released. ECF No. 1 at 1. So the Court is left to determine whether BOP's updating of her FSA credits alone—to a date earlier than what BOP originally calculated but later than what Petitioner calculates—renders the Petition moot.

The Court finds a northern district of California case to be a helpful contrast. In *Abernathy v. Acting Warden, FCI-Dublin*, the District Judge determined that the petitioner's claim was moot where she did not outline the number of credits she was owed, and the BOP recalculated her sentence consistent with the FSA. *Abernathy,* Case No. 22-cv-03284-CRB (PR), 2023 WL 2960010 (N.D. Cal. Mar.

4

2, 2023). The Court reasoned that, "[b]ecause BOP already has granted petitioner the relief she seeks—recalculation of her sentence in accordance with FSA—'no effective relief can be granted due to subsequent developments.'" *Id*. at *2 (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

Here, unlike the petitioner in *Abernathy*, the Petitioner indicates what she thinks her correct release date is. And that November 2022 date differs from what BOP now calculates as the release date, even taking into account its recent update of her FSA credits. *See* ECF No. 8-1 at 6, ¶ 9 (asserting a release date of July 20, 2023). Therefore, the Court would necessarily need to examine the merits of Petitioner's estimation of her release date—as bald as it is—before it could decide whether to grant the relief she seeks. In other words, the Petition amounts to a live controversy, and the Court is unpersuaded that this case is moot.

**B.    Failure to Exhaust**

Because Petitioner admittedly failed to exhaust her administrative remedies, the dispositive question is whether there are grounds to waive the exhaustion requirement in this case. The Court finds no such grounds.

Ordinarily, a federal prisoner must exhaust his/her administrative remedies before filing a federal habeas petition. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991). For challenges to BOP's handling of FSA time credits, BOP requires federal inmates to complete a four-step administrative-remedies process. *See* U.S.

Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, at 17 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/ 5410_01.pdf (last visited Apr. 21, 2023). The four-step process consists of (1) presenting the issue of concern informally to staff, *see* 28 C.F.R. § 542.13(a); (2) submitting a formal request for administrative remedies to the facility's warden, *see id.* § 542.14(a); (3) appealing to the appropriate BOP Regional Director, *see id.* § 542.15(a); and (4) appealing to BOP's General Counsel, *see id. Seina v. Ctr.-Honolulu*, No. CV 16-00051 LEK-KJM, 2016 WL 6775633, at *5 (D. Haw. Nov. 15, 2016). The first step is carried out according to the procedures defined by each facility's warden. *See* 28 C.F.R. § 542.13(a). At FDC Honolulu, the first step involves submitting a "BP-8" complaint form to prison staff. ECF No. 8-1 at 3, ¶ 4. The second, third, and fourth steps are consistent across BOP facilities; those steps correspond to submitting BP-9, BP-10, and BP-11 forms, respectively. *See Seina*, 2016 WL 6775633, at *5.

There are timing requirements at each step, and inmates generally cannot proceed to a higher step without first completing the lower step(s). *See Norton v. Derr*, No. CV 22-00128 JMS-RT, 2022 WL 2658853, at *3 (D. Haw. July 8, 2022) (explaining why a BP-10 appeal must be predicated on the merits denial of a BP-9). The warden has twenty days to respond to a BP-9, the Regional Director has

6

thirty days to respond to a BP-10, and the General Counsel has forty days to respond to a BP-11.  See 28 C.F.R. § 542.18; Seina, 2016 WL 6775633, at *5.  Neither the federal statutes nor federal regulations specify a response deadline for informal requests, i.e., BP-8 forms.  See 28 C.F.R. § 542.13 (providing that "staff shall attempt to informally resolve the issue before an inmate submits a [BP-9]").

If an inmate does not receive a timely response to his/her BP-9, BP-10, or BP-11, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  Thus, an inmate needs only wait the allotted time before he/she appeals to the next level.  See Ghost Dancer v. McGrew, No. CV 15-3164 DSF (GJSx), 2019 WL 8198194, at *3 (C.D. Cal. Aug. 13, 2019) ("The only sensible reading of § 542.18 . . . is that if the inmate does not receive a response . . . [the] inmate may consider the absence of a response to be a denial at that level." (footnote omitted)).

If an inmate fails to complete all four steps of BOP's administrative-remedies process before filing a § 2241 habeas petition, the court should ordinarily dismiss the petition as a prudential matter.  See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  The exhaustion requirement can be waived, and dismissal avoided, if there are sufficient justifications in a particular case, e.g., futility in pursuing administrative remedies.  See id.  The petitioner-inmate bears the burden of proving the futility exception.  See Dudik v. Woodring, No. CV 08-2761-GW

7

(SH), 2009 WL 1014555, at *4 (C.D. Cal. Apr. 14, 2009); *see also United Farm Workers of Am., AFL-CIO v. Ariz. Agr. Emp. Rels. Bd.*, 669 F.2d 1249, 1254 (9th Cir. 1982) (holding that the plaintiff-entity challenging a state agency's decision failed to exhaust its administrative remedies and, further, that the plaintiff-entity "ha[d] not met its burden of showing that an [administrative] appeal would have been useless").

Here, Petitioner went only so far as to file a BP-9 form with the warden, which was denied. ECF No. 8-1 ¶ 6. She took no further steps in BOP's four-step administrative-remedies process and failed to file a BP-10 with the Western Region. *Id.* ¶ 7.

Petitioner's reason for not doing so was because, "considering [her] past date of release in November 2022, balancing the interests favors promptly deciding the issues [she] raise[s] over the institutional interests protected by exhaustion defense [sic]." ECF No. 1 at 1. Although she does not word it this way, she essentially argues that exhaustion would have been futile because the appeals process would have concluded after her correct date of release. But Plaintiff offers no explanation as to why her release date should be in November 2022, and says nothing about what credits she is owed. Her failure to do so means that she has not shown that exhaustion of the administrative processes would be futile. *See Ferreira v. Derr*, CIV. No. 22-00539 SOM-WRP, 2023 WL 2898670 at *3 (D.

Haw. Apr. 11, 2023) ("Because Ferreira has failed to show that her projected release date is sooner than January 23, 2026, Ferreira has ample time to complete the administrative exhaustion requirement.").

Therefore, the Court DISMISSES the Petition for Petitioner's failure to exhaust administrative remedies.

### III.  CONCLUSION

The Petition is DISMISSED.  Because any amendment would be futile, this dismissal is without leave to amend.  *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, April 24, 2023.



Jill A. Otake
United States District Judge

CIV. NO. 23-00021 JAO-RT, *Estabilio v. Derr*; Order Dismissing Petition Under 28 U.S.C. § 2241 for a Writ Of Habeas Corpus